UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21cr72 DRL |
| | 3:23cv884 DRL |
| KENDRICK JOHNSON, | |
| Defendant. | |

OPINION AND ORDER

On June 3, 2022, Kendrick Johnson pleaded guilty to possessing with intent to distribute more than 400 grams of a mixture or substance containing fentanyl. *See* 21 U.S.C. § 841(a)(1). He was sentenced that December to a 252-month term of imprisonment, a variance below his guideline range of 262-327 months. His current release date is September 19, 2039.

Mr. Johnson filed a timely petition to vacate his sentence under 28 U.S.C. § 2255. On February 7, 2024, he also filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) pursuant to Part A of Amendment 821 to the United States Sentencing Guidelines. The government responded to both. The court denies Mr. Johnson's § 2255 petition but grants a sentence reduction.

A.   *Petition to Vacate Sentence.*

The court first considers Mr. Johnson's petition to vacate his sentence under 28 U.S.C. § 2255. In extraordinary situations, the court may vacate, set aside, or correct a prisoner's sentence. 28 U.S.C. § 2255(a); *Hays v. United States*, 397 F.3d 564, 566-67 (7th Cir. 2005). The writ of *habeas corpus* is secured by the United States Constitution: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. I, § 9, cl. 2. Historically, criminal defendants subject to a final conviction were entitled to such relief only if the court that rendered the judgment lacked jurisdiction. *Ex parte Watkins*, 28 U.S. 193, 202-03 (1830). The

writ has since been expanded to provide prisoners relief from various violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2255(a); *Danforth v. Minnesota*, 552 U.S. 264, 272 (2008); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). This writ is not a substitute for direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995).

When reviewing a § 2255 petition, the court examines the petition and the entire record. The court will hold an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief. *Torres-Chavez v. United States*, 828 F.3d 582, 586 (7th Cir. 2016); *see also* 28 U.S.C. § 2255(b). Allegations that prove merely "vague, conclusory, or palpably incredible" rather than detailed and specific won't suffice. *Machibroda v. United States*, 368 U.S. 487, 495 (1962). Likewise, when the petition and records conclusively show the petitioner isn't entitled to relief, the court needn't hold an evidentiary hearing. *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016).

Mr. Johnson challenges his sentence on grounds of ineffective assistance of counsel. Although he waived much of his right to appeal or contest his conviction in his plea agreement, he retained a right to contest his sentence on this sole basis. He says the court erroneously stated his criminal history points: the revised presentence report found he had 10 criminal history points [53 ¶ 70], and the court adopted this finding [66 at 6]; but the court also incorrectly said at sentencing that he had 12 criminal history points [*id.* 7] and repeated this in its sentencing memorandum [58 at 2]. No one corrected this statement or objected—and perhaps because either way he fell within criminal history category V. Mr. Johnson argues that letting this error stand amounted to ineffective assistance. The government agrees with Mr. Johnson's description of the error—as does the court—but disagrees that his counsel was ineffective.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to counsel—including the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To show a violation of this right, a petitioner must establish that (1) his counsel's performance was deficient, and (2) the deficient performance was prejudicial. *Strickland v. Washington*, 466

2

U.S. 668, 687 (1984). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993); *see also Strickland*, 466 U.S. at 697; *Hutchings v. United States*, 618 F.3d 693, 697 (7th Cir. 2010). An attorney's representation "need not be perfect, indeed not even very good, to be constitutionally adequate." *Delatorre v. United States*, 847 F.3d 837, 845 (7th Cir. 2017) (quotation omitted).

Counsel's failure to clarify or object at sentencing didn't prejudice Mr. Johnson, even assuming his counsel's performance was deficient. Despite the court's misstatement of his criminal history points, there was no prejudicial impact. He fell within criminal history category V either way. His recommended guideline range was 262-327 months with either 10 or 12 points. He says the difference between 10 and 12 criminal history points is significant because the former places him at the low end of category V whereas the latter places him at the high end. Though perhaps in certain cases this relative placement to other defendants within the same category might be a factor for sentencing, the court never reasoned in those terms here. As usual, the court reasoned based on the *nature* of his criminal history and the *increasing seriousness* of his criminality across his history, including how that impacted an assessment of his recidivism risk—not based on mere points assessed by the mechanics of the guidelines [58, 66].[1] In addition, the suggestion of prejudice is difficult to credit when his 252-month sentence was a variance, and not an insignificant one outside the range (and thus really outside the point of his argument here too). The court thus denies his § 2255 petition.

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, the court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of

---

[1] For instance, rather than cite criminal history points, the court discussed that he had three firearms, two loaded, while still under a federal sentence for unlawfully possessing a firearm as a felon, and that this was his third drug conviction. The court found that his specific recidivism risk *vis-à-vis* both drugs and firearms aggravated his offense, as did the increasing scale of his criminality across his history—from marijuana, to cocaine, to marijuana and firearms, to fentanyl and firearms, now involving a separate storage unit to horde his drugs and cash, particularly given the prevailing risks associated with fentanyl.

3

appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Rule 11 of Rules Governing Section 2255 Cases. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted). Based on the assertions Mr. Johnson has made in this petition and this record, reasonable jurists would agree about the misstatement of the criminal history score, but they could not reasonably debate that counsel's failure to clarify the record or object never prejudiced Mr. Johnson. The court thus denies a certificate of appealability.

  B. *Motion to Reduce Sentence.*

  Mr. Johnson also asks for a sentence reduction. The court generally may not modify a term of imprisonment once it has been imposed but may do so when a defendant has been sentenced to prison based on a recommended sentencing range that the Sentencing Commission thereafter lowers. *See* 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(o). This occurred with the retroactive Amendment 821. *See* U.S.S.C., *Sent. Guidelines Manual* Amends. 821, 825 (2023). A reduction must satisfy the 18 U.S.C. § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 821-22 (2010); *United States v. Claybron*, 88 F.4th 1226, 1231 (7th Cir. 2023).

  The guidelines placed Mr. Johnson in category V based on his 10 criminal history points. Two of these points were "status points," applied because he committed his offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(d) (2021). Amendment 821 altered this calculation, and the new retroactive guideline assesses him just one status point instead of two. Consequently, with 9 points, he falls within category IV, with a new recommended range of 235-293 months. Both he and the government recommend his term of imprisonment be lowered to 226 months.

4

The court agrees. Among all § 3553(a) factors, the court still believes that a robust sentence is required to address the seriousness of the offense, and the needs for just punishment, public protection, and deterrence. *See* 18 U.S.C. § 3553(a)(2). The seriousness of the offense and the need to protect the public remain core concerns today, as Mr. Johnson was dealing significant amounts of fentanyl and married that venture with loaded firearms. *See* 18 U.S.C. §§ 3553(a)(2)(A), (a)(2)(C). Deterrence too remains an important concern given Mr. Johnson's criminal past. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B). He has drug convictions of increasing severity, including two that mixed drugs and guns, which portend a higher recidivism risk. A 226-month sentence remains robust and accounts for these concerns.

One could say the court's original sentence remains appropriate. After all, the court varied downward to 252 months, a sentence now in the middle of Mr. Johnson's new recommended range. But the recommended range was then and remains today an important factor, though a mere starting point for assessing an appropriate variance under all the sentencing factors. *See* 18 U.S.C. § 3553(a)(4). Moreover, Mr. Johnson's recidivism risk merits a fresh look based on the latest studies that drive the Sentencing Commission's revision of status points downward, even when the concern has not subsided entirely with his advancing age. *See* 18 U.S.C. §§ 3553(a)(5), 3582(c)(2); U.S.S.C., *Revisiting Status Points* 14-17 (2022). Mr. Johnson's five-year term of supervised release will also serve to deter him and to protect the public. *See* 18 U.S.C. §§ 3553(a)(2)(B), (a)(2)(C).

## CONCLUSION

Accordingly, the court GRANTS the motion to seal [77], DENIES Mr. Johnson's § 2255 petition to vacate his sentence [67], GRANTS his motion to reduce his sentence [70], and ORDERS his term of imprisonment to be reduced to 226 months or time served, whichever is greater, with all other terms of his sentence and judgment to remain as originally imposed [59].

SO ORDERED.

January 6, 2025                                         *s/ Damon R. Leichty*
                                                        Judge, United States District Court

5